**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph Douglas Moreno,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CV-16-01213-PHX-ROS<br><br>No. CR-11-01865-PHX-ROS<br><br>**ORDER** |

On February 6, 2017, Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending the "Motion to Vacate, Set Aside or Correct" be denied. Petitioner filed objections, Respondent filed a reply, and Petitioner filed a "traverse." As set out below, the R&R will be adopted in full.

Petitioner's motion asserts four grounds for relief involving the performance of his trial and appellate counsel. Those grounds were 1) trial counsel was ineffective because he did not file a motion to sever; 2) trial counsel did not object to how Petitioner's criminal history was used at sentencing; 3) appellate counsel did not provide Petitioner with access to all of his records while the appeal was pending; and 4) appellate counsel did not communicate adequately with Petitioner. The R&R correctly explained that to prevail on any of these claims Petitioner had to establish counsel's performance was deficient and he suffered prejudice as a result. *See Strickland v. Washington*, 466 U.S. 668 (1984). The R&R correctly applied this framework when rejecting each of Petitioner's claims.

On the first claim involving trial counsel, Petitioner argues his trial counsel should have filed a separate motion to sever. Petitioner's counsel, however, joined the unsuccessful motion to sever filed by a co-defendant. Petitioner has not identified any arguments regarding severance that his counsel should have made through a separate motion. Moreover, Petitioner has not explained how those arguments necessarily would have mandated a different result on the severance issue. Therefore, Petitioner has not established his counsel was ineffective under the governing standard.

Next, Petitioner claims his trial counsel should have objected to how his criminal history was treated at sentencing. As explained by the R&R, Petitioner's criminal history was correctly calculated at the sentencing. Therefore, Petitioner has not established his counsel was ineffective by failing to object to a correct calculation.

Finally, Petitioner's two claims regarding his appellate counsel do not establish he is entitled to relief. As stated by the R&R, Petitioner has not explained "what more [his appellate] counsel could or should have done." (Doc. 24 at 6). Even assuming Petitioner did not have access to his records during his appeal and that counsel did not communicate with Petitioner as much as Petitioner would have liked, there is no indication those actions had any impact on Petitioner's appeal. Therefore, Petitioner has not established his appellate counsel was ineffective.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 24) is **ADOPTED IN FULL**. The Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the petition has not made a substantial showing of the denial of a constitutional right.

Dated this 27th day of June, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge