**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-01865-005-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Ralph Douglas Moreno, | |
| Defendant. | |

Pending before the Court is Ralph Douglas Moreno's ("Defendant") Motion for Compassionate Release [or] Sentence Reduction Under 18 U.S.C. § 3582(c)(1). (Doc. 469). For the reasons below, Defendant's motion will be denied.

**I.     BACKGROUND**

In 2011, Defendant was arrested and indicted with his co-conspirators for selling methamphetamine by the pound to a customer who was, unbeknownst to them, a confidential informant. In the course of the investigation, federal agents conducted a search of Defendant's house and found two firearms, ammunition, over $75,000 in U.S. currency, and small amounts of marijuana and valium. (Doc. 482 at 2). At that time, Defendant was prohibited from possessing firearms due to his previous state drug trafficking convictions. (*Id.*)

In September 2012, the Grand Jury returned a second superseding indictment charging Defendant with violations of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Methamphetamine (Count 1); 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii),

Possession with Intent to Distribute Methamphetamine (Count 3); and 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Felon in Possession of a Firearm (Count 5). The Government also filed an information pursuant to 21 U.S.C. § 851 indicating Defendant had three prior drug trafficking convictions making him eligible for enhanced punishment if he were convicted. (Doc. 97).

Defendant was convicted on all three counts after a jury trial in September 2013. The government moved to amend the § 851 sentencing enhancement, removing one of Defendant's prior convictions which had since been determined to be a misdemeanor, and to sentence Defendant using only one of the two remaining predicate felony convictions. (Doc. 298). The Court granted the motion, resulting in Defendant facing a statutory mandatory minimum of 20 years instead of life imprisonment.

The Court sentenced Defendant to 300 months in prison. Defendant has served nearly nine years.

## II. ANALYSIS OF MOTION FOR SENTENCE REDUCTION

### A. Legal Standard

Generally, district courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances. 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under the amended compassionate release statute, 18 U.S.C. § 3582(c), a court may modify or reduce the defendant's term of imprisonment "in any case" where the Court (i) finds "extraordinary and compelling reasons warrant such a reduction," (ii) determines a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (iii) considers the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1283-84 (9th Cir. 2021). When granting compassionate release or a reduction of sentence, a district court must perform that inquiry sequentially. *Keller*, 2 F.4th at 1284.

### B. Exhaustion

The statute allows a defendant to file a motion for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a

motion on the defendant's behalf or the lapse of 30 day from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Government concedes "BOP records indicate the defendant has met the exhaustion requirement here by virtue of his May 10, 2022 request to which the BOP has not yet responded." (Doc. 482 at 6). Accordingly, the exhaustion requirement is met.

### C. Extraordinary and Compelling Reasons

Congress has not defined what constitutes "extraordinary and compelling reasons" under § 3582(c), other than to specifically exclude "rehabilitation of the defendant alone" as enough to meet the standard. 28 U.S.C. § 994(t). Instead, Congress authorized the Sentencing Commission to promulgate policy statements to describe what should constitute "extraordinary and compelling reasons" for sentence reductions, along with specific examples and criteria. *Id*. The Sentencing Commission issued such a statement in U.S.S.G. § 1B1.13, but the Ninth Circuit has determined that statement is not binding when, as here, the defendant—as opposed to the Director of the BOP—moves for compassionate release. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Instead, U.S.S.G. § 1B1.13 merely provides guidance to district courts. *See id*. That statement indicates "extraordinary and compelling reasons" include certain medical conditions of the defendant, such as a terminal illness; the age of the defendant and accompanying physical or mental deterioration; family circumstances, such as the death or incapacitation of the caregiver of the defendant's minor child; or other reasons as determined by the BOP. U.S.S.G. § 1B1.13. Because the current statement by the BOP is not binding, "the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." *Aruda*, 993 F.3d at 801 ("district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise").

The defendant bears the burden of establishing extraordinary and compelling reasons warrant a sentence reduction. *United States v. McCreary*, 528 F. Supp. 3d 1083, 1087 (D. Ariz. 2021) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir.

1998)). The Court's review must be individualized, based on "full consideration of the defendant['s] individual circumstances." *United States v. McCoy*, 981 F.3d 271, 286 (2020).

Defendant identifies the following as "extraordinary and compelling reasons" for compassionate release or sentence reduction. He asserts the COVID-19 pandemic, combined with overcrowded prison conditions, insufficient and inadequate medical treatment, his underlying medical ailments (including heart disease, hypertension, diabetes, low back pain, and a hernia), and his obesity combined constitute extraordinary and compelling reasons for relief. However, the Government asserts the BOP offered Defendant a COVID-19 vaccine in January of 2021, but Defendant refused it, notwithstanding the risk factors he identifies (including underlying conditions and obesity).[1] (Doc. 482 at 10-11). Refusing the COVID-19 vaccine without any further explanation weighs against relief. *See United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843-44 (D. Ariz. 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances."). Courts have been clear that refusing the vaccine, absent any justification, belies a defendant's arguments of medical necessity for compassionate release. *See id.* at 844 (collecting cases). And Defendant's underlying medical ailments, though numerous, do not constitute "extraordinary and compelling reasons" for relief.[2] *See, e.g.*, *United States v. Nash*, 2021 WL 1969729, *3 (D. Ariz. May 6, 2021) (denying compassionate release where petitioner suffered from chronic kidney disease, heart failure, hypertension, obesity, and diabetes).

---

[1] Additionally, the Government asserts that Petitioner has "already been, or is being, considered by BOP for a transfer to home confinement." (Doc. 482 at 5).

[2] Petitioner asserts the medical treatment provided at his prison facility is "almost non-existent and atrocious, which border[s] on cruel and unusual," and "at times can be referenced as torturous due to the lack of treatment when requested and while the prisoner is in pain." (Doc. 469 at 4). The Government does not specifically respond to this argument. However, since Petitioner "has presented no evidence showing that [his] ailments are not being adequately treated by BOP medical staff," the Court is unable to find that a lack of medical care is "severe enough to warrant compassionate release." *United States v. Salazar-Valenzuela*, NO. CR-11-02310-002-PHX-DGC, 2022 WL 3082531, *2 (D. Ariz. Aug. 3, 2022).

Additionally, Defendant contends his history of alcohol addiction should weigh in favor of relief. The government argues, however, that this argument weighs against relief because of the numerous programs available to Defendant in BOP custody. The Court does not discern how Defendant's alcohol addiction constitutes or contributes to extraordinary or compelling reasons for relief.

Defendant also generally asserts he was sentenced with an enhancement for being a career offender based on marijuana convictions in the state of Arizona, but possession of marijuana is now legal in the state; he argues this creates a sentencing disparity between him and other defendants. The Government responds there have been no changes to the laws used to enhance Defendant's federal sentence, and that Defendant's prior convictions for Conspiracy to Possess Marijuana for Sale and Transportation of Marijuana for Sale are still valid under Arizona state law.[3] Defendant was convicted of Conspiracy to Possess Marijuana for Sale and Transportation of Marijuana for Sale under Ariz. Rev. Stat. § 13-3405. (PSIR at ¶¶ 52-53). That statute is still in effect. And while personal and recreational marijuana is now legal in Arizona, the amounts Defendant was convicted of possessing and transporting for sale were far over the one-ounce limit for that new law (22 pounds in one conviction, and nearly 39 pounds in the other). (*Id.*) Thus, there has been no change in underlying law that would result in a compelling reason to grant relief to Defendant.

Lastly, Defendant asserts he has demonstrated strong efforts at rehabilitation while incarcerated, including paying fines and fees assessed by the Court, completing classwork for drug abuse, AIDS awareness, anger management, employment skills, literature, resume writing, job interviewing, business etiquette, and more. Defendant also maintained a steady job while incarcerated until he developed a medical condition that prevented him from working. Defendant's efforts are commendable. However, even combined with all of his other arguments above, Defendant has not established extraordinary and compelling

---

[3] Further, the Government filed a motion to amend the enhancement after trial, with the effect of reducing the impact of Defendant's prior convictions from warranting a mandatory life sentence to a mandatory minimum of 20 years incarceration. (Doc. 298 at 3-4).

- 5 -

reasons exist to grant relief.[4]

Accordingly,

**IT IS ORDERED** Defendant's Motion for Compassionate Release (Doc. 469) is **DENIED**.

Dated this 12th day of June, 2023.

                                        Honorable Roslyn O. Silver
                                        Senior United States District Judge

---

[4] Because the Court finds there are no extraordinary or compelling reasons to grant relief, there is no need to address the § 3553(a) factors. *See Keller*, 2 F.4th at 1284; *United States v. Davis*, NO CR-09-00131-PHX-DGC, 2022 WL 901433, *3 n.2 (D. Ariz. Mar. 28. 2022).